1  DANIEL S. SILVERMAN (State Bar No. 137864)
   dsilverman@roll.com
2  J. P. PECHT (State Bar No. 233708)
   ROLL LAW GROUP P.C.
3  11444 W. Olympic Boulevard, 10th Floor
   Los Angeles, California 90064-1557
4  Telephone: 310-966-8400
   Facsimile: 310-966-8810
5  Attorneys for Plaintiffs CAL PURE PISTACHIOS, INC. and PARAMOUNT
   FARMS, INC.
6
7  WALTER W. WHELAN (SBN 106655)
   walt@wwhelan-law.com
8  BRIAN D. WHELAN (SBN 256534)
   brian@wwhelan-law.com
9  LAW OFFICES OF WALTER W. WHELAN
   A Professional Corporation
10 7447 North First Street, Suite 201
   Fresno, California 93720
11 Telephone:  (559) 437-1079
   Facsimile:  (559) 437-1720
12 Attorneys for Defendants PRIMEX FARMS, LLC and ALI AMIN, JR.

13 SMILAND & CHESTER
   WILLIAM M. SMILAND (SB# 041928)
14 wsmiland@smilandlaw.com
   THEODORE A. CHESTER, JR. (SB#105405)
15 tchester@smilandlaw.com
   601 West Fifth Street, Suite 700
16 Los Angeles, California 90071                    NOTE CHANGES MADE BY THE COURT.
   Telephone:  (213) 891-1010
17 Facsimile:  (213) 891-1414
   Attorneys for Defendant BRAD GLEASON

18              **UNITED STATES DISTRICT COURT**

19              **CENTRAL DISTRICT OF CALIFORNIA**

20 | CAL PURE PISTACHIOS, INC., a | Case No. 2:09-CV-7874 GW (RCx) |
21 | California corporation, and | [Hon. George H. Wu] |
   | PARAMOUNT FARMS, INC., a | |
22 | Delaware corporation, | **STIPULATED [PROPOSED]** |
   |                       | **PROTECTIVE ORDER** |
23 |          Plaintiffs, | |
24 |               v. | |
25 | PRIMEX FARMS, LLC, a California | Trial Date:      None Set |
26 | limited liability company, ALI AMIN, | Complaint Filed:  October 28, 2009 |
   | JR., an individual, BRAD GLEASON, | FAC Filed:       January 27, 2010 |
27 | an individual, and DOES 1 through 10, | |
   | inclusive, | |
28 |          Defendants. | |

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
CASE NO. 2:09-CV-7874 GW (RCx)

STIPULATED [PROPOSED] PROTECTIVE
ORDER

1

1    The Parties have stipulated to the entry of this protective order (the
2 "Stipulated Protective Order" or "Order") governing the exchange and use of
3 confidential and highly confidential documents and information in discovery as
4 follows:

5                    GOOD CAUSE STATEMENT OF THE PARTIES

6    WHEREAS, in the above-captioned action (the "Action"), Plaintiffs Cal
7 Pure Pistachios, Inc. and Paramount Farms, Inc. (collectively, "Plaintiffs") have
8 brought claims against Primex Farms, LLC, Ali Amin, Jr. and Brad Gleason
9 (collectively "Defendants") for false advertising under the Lanham Act as well as
10 intentional and negligent interference with prospective economic advantage.

11    WHEREAS, Plaintiffs and Defendants (collectively, the "Parties" or
12 individually, a "Party") expect that the disclosure and discovery activity in this
13 Action is likely to involve production of competitively sensitive, confidential,
14 and/or proprietary information for which special protection from public disclosure
15 and from use for any purpose other than prosecuting or defending this litigation
16 may be warranted.  Such information is anticipated to include, among other things,
17 the Parties' forward looking plans and strategies, analyses of competitive markets,
18 and the identity and characteristics of the Parties' vendors, growers and/or
19 customers, which is information to which third parties would not otherwise have
20 access.  Allowing a Party or third party to use such competitively sensitive
21 information would cause harm to the competitive position of the disclosing Party.
22 Accordingly, the Parties seek entry of this Stipulated Protective Order to prevent
23 the unauthorized use or dissemination of confidential information produced in
24 discovery during this litigation.

25    WHEREAS, the Parties acknowledge that this Stipulated Protective Order
26 does not affect the burden of proof that must be met by a Party seeking to protect
27 confidential documents or information that is filed in the court records in this
28 Action.  A Party seeking to protect information to be filed in the public records

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}

**CASE NO. 2:09-CV-7874 GW (RCx)**                STIPULATED [PROPOSED] PROTECTIVE
                                                  ORDER

1   must prove that the documents or information meets the standards set forth in

2   *Pintos v. Pacific Creditors Association*, 565 F.3d 1106 (9th Cir. 2009) and/or other

3   relevant authority.  In meeting that burden, a Party may not rely on its own

4   designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

5   ATTORNEYS' EYES ONLY" under the terms of this Stipulated Protective Order.

6         WHEREAS, the Parties acknowledge that this Stipulated Protective Order

7   does not restrict the use of any document or information at trial in any manner

8   whatsoever (including information designated as "CONFIDENTIAL" or

9   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this

10   Stipulated Protective Order), and, if and when the case proceeds to trial, good

11   cause must be demonstrated to the Court in order to protect any such document or

12   information from disclosure.

13         WHEREAS, the Parties acknowledge that this Stipulated Protective Order

14   does not entitle them to file confidential information under seal, and that the

15   relevant civil rules and Local Rule 79-5 set forth the procedures that must be

16   followed and the standards that will be applied when a Party seeks permission from

17   the court to file material under seal.

18         WHEREAS, except as otherwise provided herein, the Parties agree that this

19   Stipulated Protective Order does not impose any restrictions on the use or

20   disclosure by a Party of material obtained by such Party independent of discovery

21   in this Action, whether or not such material is also obtained through discovery in

22   this Action, or from the use or disclosure of information that is publicly known.

23   Further, nothing in this Stipulated Protective Order restricts the ability of any Party

24   to use or disclose its own confidential material as it deems appropriate.

25         WHEREAS, the Parties agree that no document, information or thing shall

26   be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

27   ATTORNEYS' EYES ONLY", as respectively defined below, unless good cause

28   exists for such designation under the standards set forth in *Pintos v. Pacific*

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
**CASE NO. 2:09-CV-7874 GW (RCx)**

STIPULATED [PROPOSED] PROTECTIVE
ORDER

3

1 *Creditors Association*, 565 F.3d 1106 (9th Cir. 2009) and/or other relevant

2 authority.

3    WHEREAS, the Parties intend that this Stipulated Protective Order provide

4 reasonable restrictions on the disclosure of confidential information and will

5 promote a free exchange of documents and information, diminish involvement of

6 the Court in discovery proceedings, and move the case along more rapidly and at

7 less cost.

8    NOW, THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil

9 Procedure, and with the consent of the Parties, and for good cause shown as

10 reflected in the recitals hereto,

11    IT IS HEREBY ORDERED:

12    1.    <u>DEFINITIONS</u>

13       1.1    <u>Challenging Party</u>:  a Party or non-party that challenges the

14 designation of information or items under this Order.

15       1.2    <u>"CONFIDENTIAL" Information or Items</u>:   information

16 (regardless of how it is generated, stored or maintained) or tangible things that

17 qualify for protection under Federal Rule of Civil Procedure 26(c).  Good cause

18 exists for the designation of information as "CONFIDENTIAL" when the

19 information has not been revealed to the public and the information falls into one

20 of the following categories: (a) the information is contained in a document or is

21 presented in a form that, when analyzed in conjunction with other information

22 produced in the Action, would reveal information in categories set forth in

23 paragraph 1.7 below; (b) private information about any officer, employee or other

24 individual; and/or (c) commercially sensitive information regarding the

25 development, production, marketing, branding, sales or promotion of an entity's

26 products, services or finances, the disclosure of which would have the effect of

27 causing harm to, or could potentially harm, the competitive position of the person

28 or entity from which the information is obtained.

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}

CASE NO. 2:09-CV-7874 GW (RCx)          STIPULATED [PROPOSED] PROTECTIVE
                                        ORDER

4

1    1.3    Counsel: the counsel of record for each respective Party (as
2  well as their respective support staff).
3    1.4    Designating Party:  a Party or non-party that designates
4  information or items that it produces in disclosures or in responses to discovery as
5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
6  ONLY."
7    1.5    Disclosure or Discovery Material:  all items or information,
8  regardless of the medium or manner in which it is generated, stored, or maintained
9  (including, among other things, documents, testimony, transcripts, and tangible
10  things), that are produced or generated in disclosures or responses to discovery in
11  this matter.
12    1.6    Expert: a person with specialized knowledge or experience in a
13  matter pertinent to the litigation who has been retained by a Party or its counsel to
14  serve as an expert witness or as a consultant in this action.
15    1.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
16  Information or Items: extremely sensitive "CONFIDENTIAL" Information or
17  Items, disclosure of which to another Party or non-party would create a substantial
18  risk of serious harm that could not be avoided by less restrictive means.  Good
19  cause exists for the designation of information as "HIGHLY CONFIDENTIAL –
20  ATTORNEYS' EYES ONLY" when the information or items subject to such
21  designation have not been made public and fall into one of the following
22  categories: (a) confidential business, marketing or sales plans, including specific
23  business plans, strategies and projections, marketing plans and strategies, sales
24  plans and strategies, pricing strategies, the development of new product concepts,
25  extensions of existing product lines, and other similar information that is kept
26  confidential by the Party; (b) specific financial information at a level of detail
27  beyond that disclosed in sources available to the public; (c) results of research,
28  studies or other complex analyses that would be useful to current or potential

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
CASE NO. 2:09-CV-7874 GW (RCx)          STIPULATED [PROPOSED] PROTECTIVE ORDER

5

competitors, including, among other things, complex market analyses provided by third parties under contracts with non-disclosure clauses and analyses of other competitors in the market; (d) terms of contracts with the Parties' suppliers or customers that could be used by current or potential competitors in their own negotiations with suppliers or customers; and (e) lists of current customers or pistachio growers that could be used by current or potential  competitors to the competitive disadvantage by a disclosing Party.

1.8   <u>Non-party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.9   <u>Party</u>: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

1.10   <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

1.11   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.12   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.13   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

CASE NO. 2:09-CV-7874 GW (RCx)            STIPULATED [PROPOSED] PROTECTIVE
                                          ORDER

{042846.2}

6

1  cover any information that is in the public domain at the time of disclosure to a

2  Receiving Party or becomes part of the public domain after its disclosure to a

3  Receiving Party as a result of publication not involving a violation of this Order.

4      3.   **DURATION**

5      Even after final disposition of this litigation, the confidentiality obligations

6  imposed by this Order shall remain in effect until a Designating Party agrees

7  otherwise in writing or a court order otherwise directs. Final disposition shall be

8  deemed to be the later of (1) dismissal of all claims and defenses in this action,

9  with or without prejudice; and (2) final judgment herein after the completion and

10  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

11  including the time limits for filing any motions or applications for extension of

12  time pursuant to applicable law. *However, the district court does not*

13  *retain jurisdiction to enforce this Order after judgment is entered*
    4.   **DESIGNATING PROTECTED MATERIAL** *or the case is dismissed* .

14      4.1   Exercise of Restraint and Care in Designating Material for

15  Protection. Each Party or non-party that designates information or items for

16  protection under this Order must take care to limit any such designation to specific

17  material that qualifies under the appropriate standards and shall use reasonable

18  efforts to minimize the amount of material designated as "CONFIDENTIAL" or

19  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". To the extent it is

20  practical to do so, the Designating Party must designate for protection only those

21  parts of material, documents, items, or oral or written communications that qualify

22  – so that other portions of the material, documents, items, or communications for

23  which protection is not warranted are not swept unjustifiably within the ambit of

24  this Order.

25      Mass, indiscriminate, or routine designations are prohibited. Designations

26  that are shown to be clearly unjustified or that have been made for an improper

27  purpose (*e.g.*, to unnecessarily encumber or retard the case development process or

28  to impose unnecessary expenses and burdens on other Party) expose the

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
**CASE NO. 2:09-CV-7874 GW (RCx)**

STIPULATED [PROPOSED] PROTECTIVE
ORDER

7

1   Designating Party to sanctions, (including, without limitation, monetary,

2   evidentiary, issue or terminating sanctions, in the Court's discretion), as well as

3   being potentially subject to any disciplinary or other applicable legal proceedings.

4      If it comes to a Designating Party's attention that information or items that it

5   ~~designated for protection do not qualify for protection at all or do not qualify for~~

6   the level of protection initially asserted, that Designating Party must promptly

7   notify all other Parties that it is withdrawing the mistaken designation.

8       4.2 <u>Manner and Timing of Designations</u>.  Except as otherwise

9   provided in this Order, or as otherwise ordered by the Court, Disclosure or

10  Discovery Material that qualifies for protection under this Order must be clearly so

11  designated before the material is disclosed or produced.

12     (a) For information in documentary form (*e.g.*, paper, tiff images, or in any

13  other form, electronic or otherwise, in which it is possible to add a legend to each

14  page), but excluding transcripts of depositions or transcripts of other pretrial or

15  trial proceedings, designation in conformity with this Stipulated Protective Order

16  requires that the Producing Party affix the legend "CONFIDENTIAL, SUBJECT

17  TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

18  EYES ONLY, SUBJECT TO PROTECTIVE ORDER" to each page that contains

19  protected material, provided that a designation may be made on the first page of

20  the document which specifies that the entire document (or specific pages thereof)

21  is protected.  If only a portion or portions of the material on a page qualifies for

22  protection, the Producing Party also must clearly identify the protected portion(s)

23  (*e.g.*, by making appropriate markings in the margins) and must specify, for each

24  portion, the level of protection being asserted.  Electronic documents produced as

25  .tiff images shall be marked in accordance with this paragraph 4.2(a).

26     A Party or Non-Party that makes original documents or materials available

27  for inspection need not designate them for protection until after the inspecting

28  Party has indicated which material it would like copied and produced.  During the

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

CASE NO. 2:09-CV-7874 GW (RCx)     STIPULATED [PROPOSED] PROTECTIVE
ORDER

{042846.2}

8

1  inspection and before the designation, all of the material made available for
2  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
3  ONLY."  After the inspecting Party has identified the documents it wants copied
4  and produced, the Producing Party must determine which documents, or portions
5  thereof, qualify for protection under this Order.  Then, before producing the
6  specified documents, the Producing Party must affix the appropriate legend
7  "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY
8  CONFIDENTIAL – ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE
9  ORDER") to each page that contains Protected Material.  If only a portion or
10  portions of the material on a page qualifies for protection, the Producing Party also
11  must clearly identify the protected portion(s) (*e.g.*, by making appropriate
12  markings in the margins) and must specify, for each portion, the level of protection
13  being asserted.

14  (b) With respect to deposition testimony or other oral testimony to be
15  recorded in a written transcript, the Designating Party may designate information
16  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by making a statement
17  on the record to that effect during the deposition or proceeding at issue.
18  Alternatively, the Designating Party may, within a reasonable time after the
19  deposition transcript is delivered to the Designating Party, provide to all counsel
20  written notice identifying the specific portion (by page and line numbers) that the
21  Designating Party seeks to protect, and all Parties to this Action will mark the
22  pages with the appropriate legends.

23  A Party shall give all other Parties notice if they reasonably expect a
24  deposition, hearing or other proceeding to include Protected Material so that the
25  other Parties can ensure that only authorized individuals who have signed the
26  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
27  proceedings. The use of a document as an exhibit at a deposition shall not in any
28

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
**CASE NO. 2:09-CV-7874 GW (RCx)**

STIPULATED [PROPOSED] PROTECTIVE
ORDER

9

1   way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

2   – ATTORNEYS' EYES ONLY."

3      Transcripts containing Protected Material shall have an obvious legend on

4   the title page that the transcript contains Protected Material, and the title page shall

5   be followed by a list of all pages (including line numbers as appropriate) that have

6   been designated as Protected Material and the level of protection being asserted by

7   the Designating Party.  The court reporter shall separately bind the designated

8   portion of the deposition transcript and all designated exhibits.  The separately

9   bound deposition material shall be marked in accordance with its designation, as

10  either "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE

12  ORDER."  The Designating Party shall inform the court reporter of these

13  requirements.

14      (c) For information produced in some form other than documentary and for

15  any other tangible items, including, without limitation, video or audio tape,

16  computer discs, CD-ROMS, and DVDs, etc., designation in conformity with this

17  Order requires that the Producing Party affix in a prominent place on the exterior

18  of the container or containers in which the information or item is stored the legend

19  "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE

21  ORDER".  If only a portion or portions of the information or item warrant

22  protection, the Producing Party, to the extent practicable, shall identify the

23  protected portion(s) and specify the level of protection being asserted.

24      4.3    Inadvertent Failures to Designate. If timely corrected, an

25  inadvertent failure to designate qualified information or items does not, standing

26  alone, waive the Designating Party's right to secure protection under this Order for

27  such material. Upon timely correction of a designation, the Receiving Party must

28

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}

CASE NO. 2:09-CV-7874 GW (RCx)                    STIPULATED [PROPOSED] PROTECTIVE
                                                  ORDER

1  make reasonable efforts to assure that the material is treated in accordance with the
2  provisions of this Order.

3      5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4        5.1   A party may challenge the designation of any material as
5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
6  ONLY" under this Order under the procedures set forth in Local Rules 37-1
7  through 37-4.  If the Parties are unable to resolve the issue informally pursuant to
8  37-1, the Challenging Party may move for an order granting access to the
9  information under less burdensome conditions pursuant to the procedures set forth
10  in Local Rule 37-2 through 37-4.  In making or opposing any motion relating to the
11  designation of confidential information, the Party seeking to maintain a document
12  as confidential shall bear the burden of showing good cause therefor.

13        5.2   This Order is without waiver of or prejudice to, and specifically
14  reserves the rights and remedies of any party to apply in writing to the Court for a
15  determination, for good cause shown, that (a) persons not provided for in this
16  Order may or may not receive "CONFIDENTIAL" or "HIGHLY
17  CONFIDENTIAL" information; or (b) this Order be modified or vacated.  Any
18  application for relief pursuant to this section shall be made only after reasonable
19  efforts to meet and confer in good faith have been unsuccessful, and must comply
20  with Local Rules 37-1 to 37-4 or other applicable rule.

21      6.    ACCESS TO AND USE OF PROTECTED MATERIAL

22        6.1   Basic Principles. A Receiving Party may use Protected Material
23  (or information solely derived from Protective Material) that is disclosed or
24  produced by another Party or by a non-party in connection with this case only for
25  prosecuting, defending, or attempting to settle this litigation. Such Protected
26  Material may be disclosed only to the categories of persons and under the
27  conditions described in this Order. When the litigation has been terminated, a
28  Receiving Party must comply with the provisions of section 15 below (FINAL

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
**CASE NO. 2:09-CV-7874 GW (RCx)**

STIPULATED [PROPOSED] PROTECTIVE
ORDER

11

1   DISPOSITION).  A party using, disseminating or distributing Protected Material

2   for any purpose other than for use in connection with this Action may be subject to

3   sanctions (including, without limitation, monetary, evidentiary, issue or

4   terminating sanctions, in the Court's discretion), as well as being potentially

5   ~~subject to any disciplinary or other applicable legal proceedings.~~

6          Protected Material must be stored and maintained by a Receiving Party at a

7   location and in a secure manner that ensures that access is limited to the persons

8   authorized under this Order.

9          6.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

10  otherwise ordered by the Court or permitted in writing by the Designating Party, a

11  Receiving Party may disclose any information or item designated

12  "CONFIDENTIAL" only to:

13         (a) the Receiving Party's Counsel in this action, as well as paralegal and

14  support staff (whether employees or independent contractors) of said Counsel to

15  whom it is reasonably necessary to disclose the information for this litigation;

16         (b) the officers, directors, and employees of the Receiving Party to whom

17  disclosure is reasonably necessary for this litigation and who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19         (c) Experts (as defined in this Order) of the Receiving Party to whom

20  disclosure is reasonably necessary for this litigation and who have signed the

21  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22         (d) the Court and its personnel;

23         (e) court reporters and their staff, videographers, professional jury or trial

24  consultants, and Professional Vendors to whom disclosure is reasonably necessary

25  for this litigation and who have signed the "Acknowledgment and Agreement to

26  Be Bound" (Exhibit A);

27         (f) during their depositions, witnesses in the action to whom disclosure is

28  reasonably necessary and who have signed the "Acknowledgment and Agreement

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

CASE NO. 2:09-CV-7874 GW (RCx)

{042846.2}

STIPULATED [PROPOSED] PROTECTIVE
ORDER

12

1   to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or
2   ordered by the Court.

3       (g) the author or recipient of a document containing the information or a
4   custodian or other person who otherwise possessed or knew the information.

5       ~~6.3~~  ~~Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES~~
6   ~~ONLY" Information or Items~~. Unless otherwise ordered by the Court or permitted
7   in writing by the Designating Party, a Receiving Party may disclose any
8   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
9   EYES ONLY" only to:

10      (a) the Receiving Party's Counsel in this action, as well as paralegal and
11  support staff (whether employees or independent contractors) of said Counsel to
12  whom it is reasonably necessary to disclose the information for this litigation.  Roll
13  Law Group P.C. hereby represents that it is not owned or controlled by any
14  affiliate of Roll International Corp., or any of the parties to this litigation, and that
15  each lawyer of Roll Law Group P.C. that will perform any legal work with respect
16  to this Action has not, does not, and does not anticipate having any involvement
17  whatsoever in any party's competitive or business decision making, including but
18  not limited to decisions regarding contracts, marketing, purchasing, employment,
19  pricing, product design, product research or development, and has not, does not,
20  and will not provide advice to any party regarding any such decisions;

21      (b) Experts of the Receiving Party (1) to whom disclosure is reasonably
22  necessary for this litigation and (2) who have signed the "Acknowledgment and
23  Agreement to Be Bound" (Exhibit A).  However, any information or item
24  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall
25  not be disclosed to any Expert who is expected to provide any services to any
26  business unit of the retaining Party, unless the previous two requirements above are
27  met <u>and</u> one of the three following conditions is met:  (i) The Expert previously
28  created, generated or received the information or item designated "HIGHLY

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
**CASE NO. 2:09-CV-7874 GW (RCx)**

STIPULATED [PROPOSED] PROTECTIVE
ORDER

13

CONFIDENTIAL – ATTORNEYS' EYES ONLY" before the Action commenced; or (ii) before disclosure of the information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" counsel for the Parties agree that the information or item may be shown to the expert; or (3) the Court has determined that the information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be shown to the Expert in ruling on a Party's objection pursuant to Local Rule 37.

(c) the Court and its personnel;

(d) court reporters and their staff, videographers, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; or

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}

**CASE NO. 2:09-CV-7874 GW (RCx)**          STIPULATED [PROPOSED] PROTECTIVE ORDER

1    or order is subject to this Stipulated Protective Order. Such notification shall

2    include a copy of this Stipulated Protective Order; and

3         (c) cooperate with respect to all reasonable procedures sought to be pursued

4    by the Designating Party whose Protected Material may be affected.

5         ~~If the Designating Party timely seeks a protective order, the Party served~~

6    with the subpoena or court order shall not produce any information designated in

7    this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8    ATTORNEYS' EYES ONLY" before a determination by the court from which the

9    subpoena or order issued, unless the Party has obtained the Designating Party's

10   permission. The Designating Party shall bear the burden and expense of seeking

11   protection in that court of its confidential material – and nothing in these

12   provisions should be construed as authorizing or encouraging a Receiving Party in

13   this action to disobey a lawful directive from another court.

14        8.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

15              PRODUCED IN THIS LITIGATION

16        (a) The terms of this Order are applicable to information produced by a non-

17   party in this action and designated as "CONFIDENTIAL, SUBJECT TO

18   PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19   ONLY, SUBJECT TO PROTECTIVE ORDER". Such information produced by

20   non-parties in connection with this Action is protected by the remedies and relief

21   provided by this Order. Nothing in these provisions should be construed as

22   prohibiting a non-party from seeking additional protections.

23        (b) In the event that a Party is required, by a valid discovery request, to

24   produce a non-party's confidential information in its possession, and the Party is

25   subject to an agreement with the non-party not to produce the non-party's

26   confidential information, then the Party shall:

27

28

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
**CASE NO. 2:09-CV-7874 GW (RCx)**                    STIPULATED [PROPOSED] PROTECTIVE
                                                       ORDER

15

1    (1) promptly notify in writing the Requesting Party and the non-party

2    that some or all of the information requested is subject to a confidentiality

3    agreement with a non-party;

4    (2) promptly provide the non-party with a copy of the Stipulated

5    ~~Protective Order in this litigation, the relevant discovery request(s), and a~~

6    reasonably specific description of the information requested; and

7    (3) make the information requested available for inspection by the

8    non-party.

9    (c) If the non-party fails to object or seek a protective order from this Court

10   within 14 days of receiving the notice and accompanying information, the

11   Receiving Party may produce the non-party's confidential information responsive

12   to the discovery request. If the non-party timely seeks a protective order, the

13   Receiving Party shall not produce any information in its possession or control that

14   is subject to the confidentiality agreement with the non-party before a

15   determination by the court.  Absent a Court order to the contrary, the non-party

16   shall bear the burden and expense of seeking protection in this court of its

17   Protected Material.

18       9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19       9.1    No person or entity receiving "CONFIDENTIAL" information shall

20   discuss, disseminate, or disclose the "CONFIDENTIAL" information to any

21   person or entity not listed above in paragraph 6.2.  No person or entity receiving

22   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall

23   discuss, disseminate, or disclose the "HIGHLY CONFIDENTIAL –

24   ATTORNEYS' EYES ONLY" information to any person or entity not listed above

25   in paragraph 6.3.  Any person or entity receiving Protected Material shall take

26   measures available to him or her to ensure that no unauthorized person or entity is

27   able to obtain access to the Protected Material. The provisions of this paragraph,

28   however, do not apply to the Court or to Court personnel.

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}

CASE NO. 2:09-CV-7874 GW (RCx)          STIPULATED [PROPOSED] PROTECTIVE
                                        ORDER

16

9.2     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL – NO WAIVER

10.1    The disclosure of Protected Material pursuant to discovery or the procedures set forth in this Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary privacy or other rights to or in such information.

10.2    The inadvertent disclosure of information protected by the attorney-client, work product, or other applicable privilege or protection in this Action shall not constitute a waiver of any valid claim of privilege. Further, failure to assert a privilege in this Action as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter, unless the Producing Party seeks to use or rely upon the privileged material in this Action. A Party that discovers that it has inadvertently produced privileged information shall promptly request its return. The privileged documents together with all copies thereof shall be returned forthwith to the party claiming privilege. Any notes or other work product made from the documents in question (or their contents) shall be returned along with the documents themselves or destroyed pursuant to paragraph 10.3 below. The Party claiming privilege shall thereafter promptly

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
CASE NO. 2:09-CV-7874 GW (RCx)                    STIPULATED [PROPOSED] PROTECTIVE
                                                  ORDER

17

1  produce a privilege log listing the documents in question and any other party shall

2  thereafter have the right to challenge the assertion of privilege by motion or any

3  other appropriate means.

4      10.3   A Party who receives apparently privileged material from the

5  producing party, upon understanding that the document may be privileged or

6  contain confidential attorney work product, must act as follows:

7      (a)  Cease review of the document.

8      (b)  Immediately notify opposing counsel by phone and e-mail of the

9  potentially privileged document, taking all reasonable measures to reach opposing

10  counsel.  The reviewer must follow such counsel's instructions regarding the

11  disposition of the material.  The reviewer must also completely refrain from using

12  the material until instruction by opposing counsel is received, which may include

13  returning the document and all copies, and removal of the document from

14  electronic databases with confirmation by the producing Party.

15      (c)  Until such time that the review receives instructions from opposing

16  counsel, the reviewer may not share the document or its contents with other

17  persons.  The review may notify supervising attorneys that a potentially privileged

18  document may exist, without sharing its contents, and otherwise advise them or

19  receive advice from them regarding the circumstances.

20      (d)  If the producing Party claims the privilege it shall thereafter promptly

21  add the document(s) in question to its privilege log and any other party shall

22  thereafter have the right to challenge the assertion of privilege by motion or any

23  other appropriate means.

24      11.   MISCELLANEOUS

25      11.1   Right to Further Relief. Nothing in this Order abridges the right of any

26  person to seek its modification by the court in the future.

27      11.2   Right to Assert Other Objections. By stipulating to the entry of this

28  Stipulated Protective Order no Party waives any right it otherwise would have to

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}

CASE NO. 2:09-CV-7874 GW (RCx)                    STIPULATED [PROPOSED] PROTECTIVE
                                                  ORDER

18

1    object to disclosing or producing any information or item on any ground not

2    addressed in this Stipulated Protective Order.  Similarly, no Party waives any right

3    to object on any ground to use in evidence any of the material covered by this

4    Protective Order.

5          11.3   Filing Protected Material.

6          (a)  Without written permission from the Designating Party or a Court order

7    secured after appropriate notice to all interested persons, a Receiving Party may

8    not file in any pre-trial proceeding in this Action in the public record any Protected

9    Material. A Receiving Party that seeks to file under seal any Protected Material

10   must comply with Local Rule 79-5.  Such filings must be in accordance with the

11   standards set forth in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172,

12   1178-81 (9th Cir. 2006).  If a party files or seeks to file with the Court material that

13   another party has designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

14   – ATTORNEYS' EYES ONLY under this Order, the filing Party shall

15   simultaneously file an application to seal the records pursuant to Local Rule 79-5

16   that references this Order and that specifically sets forth the terms of this

17   paragraph.  In doing so, the filing Party shall only seek to file under seal the

18   portion of such material that is "CONFIDENTIAL" or "HIGHLY

19   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  An application which seeks

20   to file materials under seal in proceedings before the district judge will be made to

21   the district judge.

22         (b)  Within five business days after service of the application to seal (or

23   within such other time as may be ordered by the Court), the Designating Party

24   must either:  (i) inform the recipient Party that it does not object to the filing of the

25   information in the public record, at which point the filing party must withdraw the

26   application; or (ii) file papers in support of the application setting forth the factual

27   and legal basis for the request to seal the records.  The Designating Party bears the

28   burden of proving that the materials meet the standards for sealing the records as

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
**CASE NO. 2:09-CV-7874 GW (RCx)**                    STIPULATED [PROPOSED] PROTECTIVE
                                                       ORDER

19

1    set forth in *Pintos v. Pacific Creditors Association*, 565 F.3d 1106 (9th Cir. 2009)

2    and/or other relevant authority.  In meeting that burden, a Party may not rely on its

3    own designation of material as "CONFIDENTIAL" or "HIGHLY

4    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5            12.    FINAL DISPOSITION

6        Within 60 days after the final disposition of this Action, as defined in

7    paragraph 3, each Receiving Party must return all Protected Material to the

8    Producing Party or destroy such material. As used in this subdivision, "all

9    Protected Material" includes all copies, abstracts, compilations, summaries, and

10    any other format reproducing or capturing any of the Protected Material. Whether

11    the Protected Material is returned or destroyed, the Receiving Party must submit a

12    written certification to the Producing Party (and, if not the same person or entity, to

13    the Designating Party) by the 60 day deadline that (1) identifies (by category,

14    where appropriate) all the Protected Material that was returned or destroyed and

15    (2) affirms that the Receiving Party has not retained any copies, abstracts,

16    compilations, summaries or any other format reproducing or capturing any of the

17    Protected Material. Notwithstanding this provision, Counsel are entitled to retain

18    an archival copy of all pleadings, motion papers, trial, deposition, and hearing

19    transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

20    reports, attorney work product, and consultant and expert work product, even if

21    such materials contain Protected Material. Any such archival copies that contain or

22    constitute Protected Material remain subject to this Protective Order as set forth in

23    Section 3 (DURATION).

24

25

26

27

28

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

CASE NO. 2:09-CV-7874 GW (RCx)

{042846.2}
STIPULATED [PROPOSED] PROTECTIVE
ORDER

20

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED: November 10, 2010              ROLL LAW GROUP P.C.

4
                                        By: /S/ J.P. Pecht
5                                            J.P. Pecht
6                                       Attorneys for Plaintiffs CAL PURE
                                        PISTACHIOS, INC. and PARAMOUNT
7                                       FARMS, INC.

8

9  DATED: November 10, 2010              LAW OFFICES OF WALTER W. WHELAN

10

11
                                        By: /S/ Walter W. Whelan
12                                           Walter W. Whelan
13                                      Attorneys for Defendants Primex Farms,
                                        LLC and Ali Amin, Jr.
14

15

16 DATED: November 10, 2010              SMILAND & CHESTER

17

18                                      By: /S/ Theodore A. Chester, Jr.
                                             Theodore A. Chester, Jr.
19                                      Attorneys for Defendant Brad Gleason
20

21

22

23 PURSUANT TO STIPULATION, IT IS SO ORDERED, *as amended*
24 *in para. 3.*
25

26 DATED: *Nov. 15, 2010*                _____
                                        HON. ROSALYN M. CHAPMAN,
27                                      United States Magistrate Judge
28

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
**CASE NO. 2:09-CV-7874 GW (RCx)**                STIPULATED [PROPOSED] PROTECTIVE
                                                  ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on ___[Insert Date] in the case of <u>Cal Pure Pistachios, Inc. and Paramount Farms,</u>

<u>Inc. v. Primex Farms, LLC et al.</u>, United States District Court, Central District of

California, Case No. 2:09-CV-7874 GW (RCx).

I understand the responsibilities and obligations the Stipulated Protective

Order imposes on me regarding **"CONFIDENTIAL"** or **"HIGHLY**

**CONFIDENTIAL – ATTORNEYS' EYES ONLY"** information I obtain in this

action.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to penalties and/or sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I certify that (strike the inaccurate sections of this clause, if any):

(i) I did not receive any "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information before signing

this Exhibit A;

(ii) I meet all requirements for receipt of information and other

material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY", pursuant to the Stipulated Protective Order;

(iii) I am not directly employed by any Party to this Action;

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

CASE NO. 2:09-CV-7874 GW (RCx)

{042846.2}

STIPULATED [PROPOSED] PROTECTIVE
ORDER

22

1             (iv) I am not under contract with any Party to this Action for any

2    purpose other than this Action.

3             I have received a copy of the Stipulated Protective Order, including an

4    executed copy of this Exhibit A for my personal use and reference.

5             ~~I further agree to submit to the jurisdiction of the United States District~~

6    Court for the Central District of California for the purpose of enforcing the terms

7    of this Stipulated Protective Order, even if such enforcement proceedings occur

8    after termination of this action.

9    I hereby appoint _____ [print or type full name] of

10   _____ [print or type full address and

11   telephone number] as my California agent for service of process in connection with

12   this action or any proceedings related to enforcement of this Stipulated Protective

13   Order.

14   Date: _____

15   City and State where sworn and signed: _____

16   Printed name: _____

17   [printed name]

18   Signature: _____

19

20

21

22

23

24

25

26

27

28

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

{042846.2}
**CASE NO. 2:09-CV-7874 GW (RCx)**

STIPULATED [PROPOSED] PROTECTIVE
ORDER

# CERTIFICATE OF SERVICE

I, Theodore A. Chester, Jr., hereby certify that I have caused the foregoing to be served upon counsel of record through the Court's electronic service system. ~~I declare under penalty of perjury that the foregoing is true and correct.~~

Dated:  November 10, 2010

*/S/ Theodore A. Chester, Jr.*

Theodore A. Chester, Jr.

Law Offices of
Smiland & Chester
601 West Fifth Street
Suite 700
Los Angeles, CA 90071
(213) 891-1010

CASE NO. 2:09-CV-7874 GW (RCx)

{042846.2}

STIPULATED [PROPOSED] PROTECTIVE ORDER

24